Mittie M. WILSON, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant.

No. 79-C-996.

United States District Court, E. D. Wisconsin.

Aug. 25, 1980.

Bonny Lopez, Asst. U. S. Atty., Milwaukee, Wis., Donna Morros Weinstein, Acting Regional Atty., Dept. of Health and Human Services, Chicago, Ill., for plaintiff.

Robert E. Newman, Lucareli, Newman, Ungemach, Kenosha, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Mittie M. Wilson seeks judicial review of a decision of the defendant secretary which denied her application for benefits under § 216(i) of the Social Security Act. After an adverse ruling by an administrative law judge (ALJ), the appeals council approved the ALJ's decision; it thereby became the final decision of the defendant secretary. This review is sought pursuant to 42 U.S.C. § 405(g). The plaintiff seeks summary reversal, and the defendant seeks summary affirmance.

In a comprehensive written opinion dated August 24, 1979, the ALJ determined that Ms. Wilson is not entitled to a period of disability or disability insurance benefits. He supported his conclusion with the following findings:

"1. The claimant met the special earnings requirements of the Act on June 20, 1978, the alleged date of disability, and continues to meet them through the date of this decision.

"2. The medical evidence shows that the claimant suffers from osteoarthritic musculoskeletal impairment and, as a result, suffers some pain, discomfort and intermittent limitation of motion.

"3. The medical evidence does not show that the claimant is suffering from any other impairment which would impose any significant limitation on her vocational functional abilities.

"4. The claimant is unable to perform her prior work activity as a machine operator.

"5. The claimant has the residual functional capacity for sedentary work as defined by Section 404.150(b) [404.-1505(b)] of Subpart P, Regulations No. 4.

"6. The claimant is 48 years of age which is defined in Section 404.1506(b) as a younger individual.

"7. While the claimant has a high school education, the Administrative Law Judge is of the opinion that claimant has only a retained limited educational level as defined by Section 404.1507(d) of Subpart P, Regulations No. 4.

"8. The claimant has performed semi-skilled work; however, for the purpose of this decision, the Administrative Law Judge considers claimant to be unskilled.

"9. Section 404.1513 and Rule 201.18 of Table No. 1 of Appendix 2, Subpart P, Regulations No. 4 require that the claimant, considering her maximum sustained work capacity, age, education and work experience, be found 'not disabled.'

"10. The claimant was not under a 'disabled' as defined in the Social Security Act, as amended, at any time on or prior to the date of this decision."

■■ The foregoing findings and decision, which have been approved by the secretary, must be affirmed by this court if there is substantial evidence to support them and if there are no erroneous applications of legal standards. *Torphy v. Weinberger,* 384 F.Supp. 1117 (E.D.Wis.1974). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . ." *Richardson v. Perales* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Since the ALJ specifically found that the plaintiff is unable to perform her prior work, the burden then shifted to the defendant to demonstrate that there is available in the national economy other substantial gainful activity which Ms. Wilson can perform. *Stark v. Weinberger,* 497 F.2d 1092, 1097–98 (7th Cir. 1974).

I am persuaded that the defendant has not as yet met her burden. Specifically, I believe the ALJ's finding that the plaintiff "has the residual functional capacity for sedentary work" is not supported by substantial evidence. The ALJ based this finding on Dr. Ansari's report that the plaintiff "was capable of returning to gainful em-

ployment without any significant restrictions." (Tr. 12). However, this evidence is insufficient to support the ALJ's ultimate finding of lack of disability. The court of appeals for this circuit has stated:

"While the conclusions of a physician are probative with respect to a claimant's physical symptoms, they cannot alone support a finding of employability. A physician can adequately offer his expertise, as this one did, to show that a claimant is *physically* able to perform 'substantial gainful' employment. But, other factors, extraneous to a physical diagnosis, enter into an evaluation of a claimant's ability to work. . . . [M]ere physical ability to perform a task does not establish that [the claimant] could perform it, nor perform it with the speed and skill required . . . in the competitive labor market." *Orzel v. Finch*, 445 F.2d 150, 154 (7th Cir. 1971) (emphasis in the original).

 The statistical table relied upon by the ALJ also fails to support a finding of employability. As the regulations make clear, the table simply assumes the critical fact in dispute, i. e., the plaintiff's capacity to perform particular sedentary tasks. *See* 20 C.F.R. § 404.1513 & App. 2 § 200.00 et seq. With this fact assumed rather than proved, the table then makes categorical determinations based on the claimant's age, education and work experience regarding the availability of sedentary tasks in the economy which the claimant can be expected to perform. However, "while . . . the Secretary may administratively notice the *existence* of such jobs in the economy, facts pertaining to the capacity of a specific individual can be supplied only by particularized proof." *Taylor v. Weinberger*, 512 F.2d 664, 668 (4th Cir. 1975) (emphasis in the original) (footnote omitted). *Accord, Kenny v. Weinberger*, 417 F.Supp. 393, 398 (E.D.N.Y.1976).

This matter must be remanded to the secretary for further findings regarding the plaintiff's ability to perform particular sedentary tasks. It should be noted that while "the testimony of vocational experts is [not]

required in all cases or even in this one," some evidence "concerning [Ms. Wilson's] capabilities in light of the conditions in the labor market" is necessary. *Orzel v. Finch, supra*, 445 F.2d at 154.

Therefore, IT IS ORDERED that this action be and hereby is remanded to the defendant for further findings consistent with this opinion.

IT IS ALSO ORDERED that the plaintiff's motion for summary reversal and the defendant's motion for summary affirmance be and hereby are dismissed.