Gomesindo R. PEREZ,
Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary, Health and Human Services, Defendant-Appellee.

No. 81–1135
Summary Calendar.

United States Court of Appeals, Fifth Circuit.
Unit A

Aug. 17, 1981.

John J. C. O'Shea, Kevin C. Hart, Lubbock, Tex., for plaintiff-appellant.

Kenneth J. Mighell, U.S. Atty., Lubbock, Tex., Clinton Averitte, Asst. U.S. Atty., for defendant-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

GARZA, Circuit Judge:

The appellant, Gomesindo Perez, is a 34 year old man whose formal education ceased after the sixth grade. In the past, he has worked as a farm laborer, a cotton bail presser operator and has delivered automobiles and major appliances. He is a married man with two children. On September 5, 1978, Perez injured his back while lifting a washing machine. Perez filed an application for a period of disability and disability insurance benefits, which were denied. After his request for reconsideration was denied, he sought a hearing before an administrative law judge of the Social Security Administration. A hearing was held on February 12, 1980. The ALJ determined that under the applicable regulations, although Perez could not perform his past work, he was not disabled. The Appeals Council denied review making the decision of the ALJ the final ruling of the Secretary of Health and Human Services.

Since the injury, Perez has not worked. He received a settlement of $11,000.00 for workmen's compensation. He has been visiting the same physician on a regular basis since the accident. Although he seemed to improve shortly after the accident, the pain increased in the early part of 1979. Be-

cause of the failure of the pain to abate, Perez underwent back surgery in February of 1979. Perez stated that the surgery had not eased the pain to any appreciable degree. Perez returned to the hospital for traction and therapy. Although his doctor recommended a regimen of exercise for Perez, the doctor never told him that he could return to work.

Perez claims that he can walk ten blocks, can stand for ten minutes at a time and can sit for about fifteen minutes at a time. Although the pain is not constant, it arises after he stays in one position too long. Perez stated that he could carry objects weighing five to ten pounds but not anything over that weight. Perez' wife testified that since the accident, their activities together have greatly decreased. She also stated that Perez follows all of his doctor's instructions.

On July 30, 1979, Perez' doctor stated that Perez had been continually totally disabled since his initial visit on November 15, 1978. On January 7, 1980, Perez' doctor stated that the claimant still remained disabled and that he should be able to return to work in three or four months from that date. The ALJ did not consider Perez' subjective symptomologies as credible and held that Perez had the residual functional capacity for light work and that he was not disabled.

On review of cases such as this one, an appellate court may not reweigh the evidence or substitute its judgment for that of the Secretary's. *Davis v. Schweiker*, 641 F.2d 283, 285 (5th Cir. 1981). Our sole duty is to determine whether there is substantial evidence in the record to support the findings of the Secretary. *Rodriguez v. Schweiker*, 640 F.2d 682, 685 (5th Cir. 1981). The record will contain substantial evidence when there is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. *Anderson v. Schweiker*, 651 F.2d 306 at 308 (5th Cir. 1981).

One seeking a period of disability or disability insurance benefits must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." 42 U.S.C. § 423(d)(1)(A). The burden is upon the claimant to demonstrate that he is no longer capable of performing his past work. *Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981). If the claimant satisfies his burden, it then shifts to the Secretary to show that the claimant is capable of engaging in some type of substantial gainful activity. *Ferguson v. Schweiker*, 641 F.2d 243, 246 (5th Cir. 1981).

Since February 26, 1979, the Secretary has had a systemized procedure for sequentially evaluating a claim and determining whether or not a claimant is disabled. On that date, a series of regulations became effective which renders the Secretary's determination more objective, organized and efficient. 20 C.F.R. §§ 404.1501–404.1539 (1980).

20 C.F.R. § 404.1503 provides the Secretary with the sequential steps necessary to render a finding regarding disability. First, if a claimant is presently involved in substantial gainful activity, the inquiry ceases and the claimant is declared not disabled. 20 C.F.R. § 404.1503(b). If the claimant does not have a severe physical or mental impairment, the claimant is considered not disabled. § 404.1503(c). If an individual's impairment meets the durational requirement of at least twelve months found in 42 U.S.C. § 423(d)(1)(A) and is listed in appendix 1 of the regulations or is determined to be the medical equivalent of a listed impairment, the claimant is considered disabled. § 404.1503(d). If a finding of disability *vel non* cannot be determined by these previous steps, but the claimant does have a severe impairment, the Secretary must evaluate the claimant's residual functional capacity. Residual functional capacity is the degree to which an individual can function limited by the physical or mental impairment. § 404.-1505(a). The Secretary must then evaluate

the physical and mental demands of the claimant's past relevant work. § 404.-1503(e). If the claimant can meet the demands of his past relevant work, there must be a finding of no disability. § 404.1503(e). If, however, the claimant cannot perform past relevant work because of a severe impairment, but is capable of meeting a significant number of jobs in the national economy and the claimant is able to adjust to these different types of work, then there is no disability. § 404.1503(f). If the claimant cannot adjust to such different work, then he is considered to be under a disability. *Id.*

If a claimant is found unable to perform in his past relevant work, the Secretary must examine the claimant's age, education and work experience as well as his functional limitations. § 404.1504(c). The Secretary may determine a claimant's residual functional capacity solely upon relevant medical findings. § 404.1505(a). If these findings are insufficient for an adequate assessment, however, other factors may be considered. *Id.*

■ In the present case, after examining the medical reports of Perez' physician and listening to Perez' testimony, the ALJ determined that Perez was unable to do his past relevant work. With this we agree since there is ample evidence for this finding in the record. Clearly, Perez met his burden, and it correctly shifted to the Secretary to demonstrate the existence of some other type of substantial gainful activity. Ruling that he was under a severe impairment, the ALJ then went on to the next

step in the regulations. The ALJ determined that Perez was capable of doing light work as defined in 20 C.F.R. § 404.1510(c). He also determined that Perez is considered a younger individual which is defined as under 50 years old in § 404.1506(b). The ALJ also determined that Perez had a limited education as defined in § 404.1507(d). Finally, the ALJ determined that Perez had been an unskilled worker as defined in § 404.1511(b).

Once the Secretary has reached this point in the sequential evaluation, he then refers to certain tables found within the second appendix to the regulations. 20 C.F.R. subpart P, app. 2, §§ 200.00–204.00 (1980). These tables are broken down into levels of residual functional capacity. Table 1 covers those individuals who are capable of performing sedentary work as defined in § 404.1510(b). Table 2 covers individuals who are capable of performing light work. Table 3 covers individuals capable of working at a medium work level as defined in § 404.1511(d).

The ALJ in this case applied his findings to the guidelines in Table 2 since he had determined that Perez was capable of light work. Dropping down to Rule 202.17 in Table 2, the ALJ came up with a finding that Perez was not disabled.[1]

These tables in the regulations possess a certain tidiness which might create a temptation to plug in variables as if one was programing a computer which would print out the correct results. Fortunately for our society as well as our legal system, we are not yet to the point where a human being

---

1. The tables found in the appendix to the regulations are broken down by separate rules into age, education and previous work experience.

Each rule comprises various criteria under each heading and arrives at a finding of disabled or not disabled. Rule 202.17, which the ALJ in this case found applicable, reads as follows:

Table No. 2—RESIDUAL FUNCTIONAL CAPACITY: MAXIMUM SUSTAINED WORK CAPABILITY LIMITED TO LIGHT WORK AS A RESULT OF SEVERE MEDICALLY DETERMINABLE IMPAIRMENT(S)

| Rule | Age | Education | Previous Work Experience | Decision |
|------|-----|-----------|--------------------------|----------|
| 202.17 . . . . . . . . . . | Younger Individual | Limited or less—At least literate and able to communicate in English. | Unskilled or none . . . . . . . . . . . . | Not disabled. |

with particular and unique problems is declared disabled or not based upon an impersonal and mechanical formula.

The regulations themselves caution against using the guidelines in the appendix except in limited circumstances. In § 200.-00(a) of appendix 2, it states that the guidelines found in the tables may not be used if the claimant is considered disabled by reason of the medical evidence alone under § 404.1504(b). Additionally and even more importantly, before the guidelines may be used to determine the existence of a disability, every criterion listed in the guidelines, including residual functional capacity, age, education and previous work experience, must coincide with the claimant's situation. App. 2 § 200.00(a). If any one criterion does not coincide, the guidelines may not be used. *Id.* If the guidelines are not useable, then the Secretary must refer back to the text of the regulations and give full consideration to all of the relevant factors in the case. *Id.*

The guidelines in the appendix to the regulations clearly can be helpful to the Secretary, but they are useful only when the underlying criteria match up. The guidelines assume that each criterion has been satisfied. *See Wilson v. Harris*, 496 F.Supp. 746, 748 (E.D.Wis.1980). Herein lies the Secretary's mistake in this case.

To begin with, the only evidence which the ALJ examined was the medical evidence and Perez' and his wife's testimony. Perez' doctor unequivocally stated that Perez was disabled and would be until April or May of 1980, at least two months after Perez' hearing. There is no medical evidence in the record that refutes the physician's reports. It is well settled that unless there is good cause shown to the contrary, the opinion, diagnosis and medical evidence of the treating physician, especially when the consultation has been over a considera-

ble length of time, should be accorded considerable weight. *Smith v. Schweiker*, 646 F.2d 1075 at 1080 (5th Cir. 1981); *Fruge v. Harris*, 631 F.2d 1244, 1246 (5th Cir. 1980). *Accord, Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980).

In the instant case, the ALJ seemed to discard all this evidence in favor of his opinion after observing Perez for a half hour that the claimant was not experiencing any pain. Clearly, the issue of credibility is reserved to the Secretary, *Smith v. Schweiker*, 646 F.2d 1075 at 1081 (5th Cir., 1981), but it remains our task to determine if substantial evidence supports the Secretary's conclusion.

As mentioned earlier, if the claimant has an impairment listed in the first appendix, a finding of disability must be entered without consideration of any further factors. § 404.1503(d); § 404.1504(a)(2). There is no mention in the ALJ's written finding whether the claimant's impairment is listed in the appendix or whether he is suffering from the medical equivalent of an impairment listed in the appendix.[2]

Even if Perez' impairment is not disabling based upon the medical evidence alone, the Secretary clearing overstepped his bounds in making medical and vocational decisions without any support in the record. The ALJ found that Perez could perform light work. Light work is defined in § 404.1510(c) as the ability to lift 20 pounds maximum with frequent lifting or carrying of objects weighing up to 10 pounds. Additionally, jobs in this category can require walking or standing to a significant degree as well as those requiring a great deal of sitting. To be considered capable of performing a full and wide range of light work, the claimant must be capable of performing substantially all of these activities. Additionally, it requires the ability to perform sedentary work as defined in § 404.-1510(b).

---

**2.** One of the impairments listed in the appendix is a vertebrogenic disorder with symptoms of pain, muscle spasm and significant limitation of motion in the spine and an appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

20 C.F.R. subpart P, app. 1 § 1.05(c). We do not hold that Perez' injury satisfies this listed impairment or any other, but a review by the ALJ of the evidence in the record could possibly lead to that conclusion.

In this case, the evidence of Perez' impairment does not support and in fact contradicts a finding that he is qualified for light work. Perez stated that although he could walk ten blocks, he could only stand and sit for short periods of time and that he could do no lifting of objects weighing more than 10 pounds and only some bending. The report of his physician tends to corroborate his testimony.

██ As for the other factors, *i. e.*, age, education and work experience, the ALJ made no serious mistakes.[3] Regardless of that, we find that his conclusion that Perez could perform light work is wholly without support in the record. Therefore, his use of Table 2 in the appendix of the regulations without evidentiary underpinnings was not correct procedure. *See Maurer v. Harris*, 502 F.Supp. 320, 323 (D.Or.1980). The case will have to be remanded to allow further factfindings as to Perez' disability and his ability to perform some other type of substantial gainful activity. Perez satisfied his burden that he can no longer perform substantial gainful activity in his past work due to his severe impairment. The burden shifted, and although the Secretary rendered a decision, the burden has remained and still remains with the latter. The case is reversed and remanded for further findings consistent with this opinion.

REVERSED and REMANDED.

---

**3.** In his written findings, the ALJ stated that under the regulations the claimant's educational level is rated as "limited." This finding is completely erroneous. Under the regulations, an individual with a sixth grade education is considered to have a marginal education as opposed to a limited one. *See* §§ 404.1507(c) and (d). Although for purposes of accuracy, this needs to be corrected, the mistake would have no effect if one were to use the tables in the appendix since marginal levels are grouped together with limited levels under the education heading.