**Robert SPENCER, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 82–4034**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 9, 1982.

case, the agency was not required by law to "adjudicate" Skelton's letter of complaint, nor

Charles "BO" Little, Pontotoc, Miss., for plaintiff-appellant.

Thomas W. Dawson, Asst. U. S. Atty., Glen H. Davidson, U. S. Atty., Oxford, Miss., for defendant-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

Robert Spencer brings this appeal under 42 U.S.C. § 405(g) to review the Secretary's decision to deny his claim for disability benefits for a period beginning August 5, 1979. The issue on appeal is whether the district court erred in granting the Secretary's motion for judgment on the pleadings affirming the Administrative Law Judge's finding that Spencer was not disabled and not entitled to disability insurance benefits. We hold that the ALJ's findings are not supported by sufficient evidence and that the

was its decision a statement of agency law.

district court erred in granting judgment on the pleadings. We reverse.

*The Factual Context*

Spencer is a 46-year old man with an eighth grade education. He has worked as a construction laborer; laid water, fuel and sewage lines; and built furniture frames. He was married from 1956 to 1971, at which time he was divorced. None of his five children (ages 21 to 9 years of age) live with Spencer.

Spencer's present claim for disability is a result of his third injury. He suffered his first injury in 1967 when a ditch caved in on him as he was laying pipe. The second work related injury occurred in 1975. Spencer underwent disc surgery in 1976. He was granted a period of disability beginning December 8, 1975. In 1978 the Social Security Administration reviewed Spencer's disability, found that the disability ended in May, 1978 and terminated his benefits at the end of July 1978.

Spencer returned to work in September 1978 with Hays Construction Company. He reinjured his back on August 8, 1979, aggravating the preexisting lumbar problem. On December 20, 1979 Spencer filed an application for disability benefits under the provisions of 42 U.S.C. § 416(i) and § 423(a) because of "lumbar disc surgery—new disc problem." (R 2/100). This application was denied on March 5, 1980. After a hearing in October 1980, the Administrative Law Judge denied Spencer's disability benefits. Exhausting his administrative remedies, Spencer filed a complaint for judicial review in the district court. 42 U.S.C. § 405(g). The magistrate's report and recommendation that (1) the Secretary's motion for judgment on the pleadings should be granted and (2) the decision to deny the plaintiff's application for disability be affirmed was adopted as the opinion of the district court.

The ALJ based his findings on the medical evidence presented and on his own observations of the claimant at the hearing.

The medical evidence represented at the hearing was all uncontradicted.

Dr. Sage, Spencer's treating physician, noted on September 17, 1979 that claimant was suffering from disc problems, with a possible need for lumbo-sacral fusion and was not able to return to work. By April 4, 1980 Dr. Sage indicated an improvement, but recommended that the patient continue nonworking. On August 7, 1980, Dr. Sage indicated that Spencer was "disabled from manual labor with and without fusion."

Spencer underwent consultative examinations set up by the Social Security Administration with Dr. Franks and Dr. Lamar. Dr. Franks examined Spencer in February 1980 and felt he would be unable to perform activities requiring him to stand very long, stoop, lift or bend. Dr. Lamar examined Spencer in August 1980 and found that, although Spencer had tried to work despite multiple problems, he was disabled for gainful employment. He indicated that he felt the patient had reached maximum improvement. Dr. Lamar stated that Spencer might be able to do a sedentary job, such as secretarial or light duty work, apparently relying on the physical capacities form provided. (The form does not list "disabled" as a category; however, "Sedentary Work" is the most restrictive category on the form. The form category indicated by Dr. Lamar is in apparent conflict with his written evaluation of the patient.)

No other medical evidence was introduced, nor did the Secretary present any other evidence to support a finding that this claimant could perform any type of sedentary work or other gainful employment. However, the ALJ noted that in observing Spencer during the hearing he appeared to walk without difficulty and could rotate his neck from left to right.

In reviewing the decision of the ALJ, the court of appeals is limited to determining whether there was substantial evidence to support the decision that the plaintiff is not under a "disability" as defined by the Social Security Act. *Olson v. Schweiker*, 663 F.2d 593, 595 (5th Cir. 1981). The appellate court must scrutinize the entire record to determine whether such substantial evidence exists. *Millet v. Schweiker*, 662 F.2d

1199, 1201 (5th Cir. 1981). Substantial evidence is more than a scintilla, and is required to do more than create a suspicion of the existence of the fact to be established. *Id.*, 662 F.2d at 1210; *Johnson v. Harris*, 612 F.2d 993, 997 (5th Cir. 1980).

The burden of proof is on the claimant to show the existence of a disability by proving he is unable to perform his previous work. 42 U.S.C. § 423(d)(1)(A), (2)(A), (5). *Millet v. Schweiker, supra*, 662 F.2d at 1201; *Lewis v. Weinberger*, 515 F.2d 584, 586–87 (5th Cir. 1975). Once this is established the burden shifts to the Secretary to show there is other substantial gainful employment that the claimant is capable of performing. *Millet v. Schweiker, supra*, 662 F.2d at 1201; *Perez v. Schweiker*, 653 F.2d 997, 1000 (5th Cir. 1981); *Ferguson v. Schweiker*, 641 F.2d 243, 246 (5th Cir. 1981).

The ALJ found that Spencer is unable to perform any of his past relevant manual labor jobs due to severe back problems,[1] but "has the residual functional capacity for at least sedentary work as defined in Regulation 404.1567,"[2] "except for work involving excessive standing and walking, excessive lifting of heavy weights, bending, stooping, or climbing."[3] The ALJ then found that the Regulations (20 C.F.R. Subpart P, Appendix 2, Table 1) directed a conclusion that the claimant is not disabled, in the light of his residual functional capacity (Sedentary), age (45, a "younger person"), education (8th grade or "limited education") and work experience.[4] However, the ALJ found that in "view of the claimant's age and residual functional capacity the issue of transferability of work skills is not material."[5]

The only evidence in the record that Spencer can do sedentary work is the statement by Dr. Lamar, which is equivocal at best in the light of his written findings that the patient was disabled for gainful employment. We do not find that this evidence alone would rise to the level of substantial evidence. *See Western v. Harris*, 633 F.2d 1204, 1207 (5th Cir. 1981); *Lewis v. Weinberger, supra*, 515 F.2d at 587. There was no supporting evidence, from a vocational expert for example, to establish the type of sedentary jobs in which Spencer could engage, given his limited educational and vocational background.[6] The Regulations recognize that most sedentary occupations fall into the skilled, semi-skilled or professional classification. While several unskilled occupations are available, the range is "significantly restricted" and vocational adjustment may be more difficult for individuals with limited education and little or no relevant past work, 20 C.F.R. Subpart P, Rule 201.00(b), (c); also 20 C.F.R. § 404.1569.

Reviewing the record as a whole, we find no evidence, other than the ambiguous statement of Dr. Lamar, that Spencer is

---

1. ALJ *Findings*:
   2. The claimant has the following impairments: postlaminectomy syndrome, degenerative disc disease of the lumbar spine, possible post operative disc space infection at L–4, and a fractured dislocation of the cervical spine with no neurological deficit but with residuals secondary to arthrodesis at C2–C5.

2. ALJ *Findings*: No. 6.
   *See* 20 C.F.R. § 404.1567
   (a) *Sedentary work.* Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

3. ALJ *Findings*:
   4. The claimant has the residual functional capacity to perform work-related functions except for work involving excessive standing and walking, excessive lifting of heavy weights, bending, stooping, or climbing.

4. ALJ *Findings*: No. 6–10.

5. ALJ *Findings*: No. 9.

6. Dr. Lamar's statement suggested work of a "secretarial" nature. Spencer clearly does not have the background for this type of employment, and no other type of job has been suggested. The ALJ did not consider the issue of the transferability of work skills. See text at note 5, *supra*.

capable of doing any existing job in the economy. The overall medical testimony, contrary to the ALJ's brief observation that the claimant *appeared* to be able to walk without difficulty and could rotate his neck, would indicate that Spencer is disabled within the meaning of the Act.[7] We find, therefore, that the ALJ's ruling that Spencer is capable of doing sedentary work is not supported by substantial evidence.

Once the ALJ made his determination that Spencer was capable of sedentary work, he limited his decision to a consideration of certain tables contained within the appendix to the regulations. 20 C.F.R. Subpart P, Appendix 2, § 200.00–204.00. Table 1 covers claimants who are found capable of performing sedentary work. Based on Spencer's age, the ALJ found that Table 1 (Rule 201.18) *directed* a finding of "not disabled." [8]

This court has previously cautioned that the formula in the tables is not to be used in a mechanical, impersonal or computer-like manner. *Perez v. Schweiker, supra,* 653 F.2d at 1000–01. In fact, the regulations require that the guidelines not be used where the claimant can be evaluated on medical evidence alone, § 200.00(a) of Appendix 2, or where the claimant suffers an impairment listed (or one determined to be the medical equivalent of one listed) in Appendix 1 of the regulations and meets the twelve months duration requirement. 20 C.F.R. § 404.1520(d). If the claimant has an impairment which prevents him from doing past relevant work, and is not capable of adjusting to and doing different types of work, then he is considered to be under a

disability. 20 C.F.R. § 404.1520(f). *See Perez v. Schweiker, supra,* 653 F.2d at 1000.

The ALJ listed the claimant's impairments in his written findings,[9] but there is no mention as to whether the impairments do or do not equate to the impairments listed in Appendix 1. Nor is there any finding that Spencer can or cannot adjust to other types of employment. It appears that having decided Spencer was capable of doing sedentary work, the ALJ felt compelled to make a mechanical determination (based on Table 1) that Spencer was not disabled.

We find that, as there is not substantial evidence in the record to support the ALJ's finding that Spencer was capable of doing sedentary work, his use of Table 1 to direct his conclusion was improper. *See Perez v. Schweiker, supra,* 653 F.2d at 1002.

*Conclusion*

For the reasons stated above, we conclude that the ALJ's determination that Spencer is not disabled within the meaning of the Act is not supported by substantial evidence. We, therefore, reverse the district court's ruling and remand the case to be returned to the Secretary for further proceedings in accordance with this opinion.

REVERSED and REMANDED.

---

**7.** *See Aubeuf v. Schweiker,* 649 F.2d 107, 113 (2d Cir. 1981), where the court of appeals reversed a denial of disability benefits that, against the weight of the medical evidence, had been based partially on the ALJ's brief observation of the claimant at the hearing:

> This finding also raises serious questions with respect to the propriety of subjecting claimants to a [ALJ applied] "sit and squirm index," and with respect to rendition by the ALJ of an expert medical opinion which is beyond his competence.

**8.** Table No. 1–Residual Functional Capacity: Maximum Sustained Work Capability Limited to Sedentary Work as a Result

| Rule | Age | Education | Previous work experience | Decision |
|---|---|---|---|---|
| 201.18 | [Younger individual age 45–49] | Limited or less – at least literate and able to communicate in English. | ---do--- | Not disabled. |
| * | * | * | * | * |

**9.** ALJ *Findings:* No. 2, see note 1, *supra.*