Doris Jean LITTLE, Plaintiff,

v.

Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. A. No. CA–5–80–130.

United States District Court, N.D. Texas, Lubbock Division.

Nov. 22, 1982.

John F. Maner, Maner, Nelson & Reaud, Lubbock, Tex., for plaintiff.

Roger L. McRoberts, Clinton E. Averitte, Asst. U.S. Attys., Lubbock, Tex., John M. Stokes, Regional Atty., Mary K. Biester, Asst. Regional Atty., Dallas, Tex., for defendant.

## ORDER

WOODWARD, Chief Judge.

### I

The plaintiff brought this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of a final decision of the Secretary of Health and Human Services denying her application for disability and disability insurance benefits under sections 216(i) and 223 of Title II of the Act, 42 U.S.C. §§ 416(i), 423. The defendant filed a motion for summary judgment and a brief in support thereof with this court on September 20, 1982. On the same date this court issued an order requiring any party desiring to oppose said motion to file a brief and supporting data with the Clerk of this court on or before twenty (20) days from the date of said order. A full month has now passed since the period for filing briefs in opposition to defendant's motion expired and none have been so filed. This court can see no reason to further delay the cause of justice in this case. Therefore, this court has considered defendant's motion and its brief in support thereof, has thoroughly reviewed the administrative record, and is of the opinion that it is once again necessary to remand this case to the Secretary for further consideration.

The following appears from the record:

The plaintiff applied for disability insurance benefits under Title II of the Social Security Act, as amended, on January 10, 1979. (Tr. 35–38). The plaintiff's applica-

tion states that she became unable to work on July 1, 1978 due to muscle spasms, pain in her eyes, head, neck, back, arms, legs, hands, feet and bladder, and a hiatal hernia. (Tr. 35). This application was denied both initially and upon reconsideration. Upon plaintiff's request, a hearing was held before an administrative law judge (ALJ) on January 11, 1980. (Tr. 20–34). On March 28, 1980, ALJ Lindsey E. Martin ruled that plaintiff was not under a disability as defined in the Social Security Act, as amended, 42 U.S.C. § 423(d), and therefore, was not entitled to social security benefits. (Tr. 8–14). More specifically, the ALJ found that plaintiff's impairments do not prevent her from performing her former work as a sheet inspector in the textile industry. (Tr. 14). The Appeals Council affirmed the decision of the ALJ. (Tr. 4–5). Thereafter, plaintiff perfected her appeal to this court.

On May 7, 1981, this court issued an order remanding this case to the Secretary for further findings concerning the requirements of plaintiff's former job. On June 16, 1981, the Appeals Council remanded this case for further proceedings consistent with this court's order. (Tr. 135). Pursuant to the remand order, a supplemental hearing was conducted on October 9, 1981, at which plaintiff, her husband, her attorney, and a vocational expert witness appeared. (Tr. 136–94). On November 27, 1981, ALJ Thomas E. Bennett issued his recommended decision denying plaintiff's application. (Tr. 126–31). ALJ Bennett, like ALJ Martin before him, found that plaintiff's impairments do not prevent her from performing her past relevant work. (Tr. 131). Again the Appeals Council affirmed the ALJ's findings and conclusions (Tr. 119–20), and once more plaintiff perfected an appeal to this court.

## II

The burden rests on the claimant to prove that he suffers from a disability as defined by the Social Security Act. *Olson v. Schweiker,* 663 F.2d 593, 596 (5th Cir. 1981). The statute defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Generally, a person is considered to be under a disability

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 423(d)(2)(A).

A "mental or physical impairment" is one which "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The burden is on the claimant to demonstrate that he is no longer capable of performing his past relevant work. *Perez v. Schweiker,* 653 F.2d 997, 999 (5th Cir.1981); *Wilkinson v. Schweiker,* 640 F.2d 743, 744 (5th Cir. 1981). Once the claimant satisfies this burden, it then shifts to the Secretary to show that the claimant is capable of engaging in some type of substantial gainful activity. *Perez v. Schweiker,* 653 F.2d at 999; *Ferguson v. Schweiker,* 641 F.2d 243, 246 (5th Cir.1981).

20 C.F.R. § 404.1520 (1981) sets forth a sequential evaluation process for determining whether a claimant is disabled under Title II of the Social Security Act. When a determination that a claimant either is or is not disabled can be made at any step of this process, further evaluation is unnecessary. 20 C.F.R. § 404.1520(a) (1981). The initial inquiry in the evaluation process is whether the claimant is engaged in substantial gainful employment. If the claimant is presently engaged in substantial gainful employ-

ment (as defined in 20 C.F.R. §§ 404.1571–404.1575), he is *not* considered to be under a disability. 20 C.F.R. § 404.1520(b). If this is not the case, the second inquiry is whether the claimant has a severe impairment. If the claimant does *not* have a severe impairment (as defined in 20 C.F.R. §§ 404.1521–404.1530), he is *not* considered to be under a disability. 20 C.F.R. § 404.-1520(c). If the claimant is severely impaired, further evaluation is necessary. The third inquiry is whether the claimant's impairment meets the durational requirement of twelve months and is either listed in Appendix One of Subpart P of the regulations or is determined to be the medical equivalent of a listed impairment. If the claimant has such an impairment, he *is* considered to be under a disability. 20 C.F.R. § 404.1520(d). If the individual's impairment does not meet these requirements, the fourth inquiry requires the Secretary to evaluate the claimant's residual functional capacity (as defined in 20 C.F.R. § 404.1545) and the physical and mental demands of the individual's past relevant work. If, in light of these considerations, the individual can meet the demands of his past relevant work, then he is *not* considered to be under a disability. 20 C.F.R. § 404.1520(e). If the claimant cannot perform past relevant work, the Secretary must examine the claimant's age, education, and work experience as well as his functional limitations to determine whether he can do other types of work. If the claimant is capable of adjusting to these other types of jobs, based upon the above-mentioned considerations, then he is considered to be *not* disabled within the meaning of the Act. 20 C.F.R. § 404.-1520(f). If the claimant cannot make such adjustments, then he is considered disabled. *Id.*

## III

In this case, ALJ Bennett found that plaintiff suffered from the following impairments: (1) compound hyperopic astigmatic refractive error; (2) presbyopia; (3) back pain secondary to chronic muscle strain; and (4) a history of urinary tract infections. (Tr. 131). Despite these find-

ings, the administrative law judge found that plaintiff retains sufficient residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c). The ALJ found that plaintiff's past relevant work as a sheet inspector was medium work and that her impairments do not prevent her from performing such work. (Tr. 131). Therefore, ALJ Bennett concluded that plaintiff is not disabled within the meaning of the Social Security Act and not entitled to disability or disability insurance benefits thereunder. *Id.*

The burden of proof shifts several times en route to a final determination of the issue of disability under the Act. Initially, it rests on the claimant who must show the existence of a disability by proving that she is unable to perform her previous work. * * * Her success shifts the burden of proof to the Secretary, who must convince the fact finder that there is other substantial gainful employment in the economy which the claimant can perform. If the Secretary does so, the ball is back in the claimant's court: she must show her inability to perform those jobs. *Thomas v. Schweiker,* 666 F.2d 999, 1002 n. 3 (5th Cir.1982);

*Millet v. Schweiker,* 662 F.2d 1199, 1201 (5th Cir.1981); *Spencer v. Schweiker,* 678 F.2d 42, 44 (5th Cir.1982); *Rivers v. Schweiker,* 684 F.2d 1144, 1151 (5th Cir.1982).

In this case the key question is whether plaintiff has successfully carried her burden of proving she is unable to perform her previous work. If the administrative law judge's findings are correct, then she did not do so. Therefore, inquiry into those findings is the next proper step for this court.

## IV

The function of this court is to determine whether there is substantial evidence in the record to support the final administrative decision. *Spencer v. Schweiker,* 678 F.2d 42, 43 (5th Cir.1982); *Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971). It

is not the duty of this court to reweigh the evidence or substitute its judgment for that of the Secretary. *Lovett v. Schweiker,* 667 F.2d 1, 3 (5th Cir.1981); *Perez v. Schweiker,* 653 F.2d 997, 999 (5th Cir.1981). Substantial evidence is more than a scintilla, and is required to do more than create a suspicion of the existence of the fact to be established. *Spencer v. Schweiker,* 678 F.2d at 44; *Millet v. Schweiker,* 662 F.2d 1199, 1201 (5th Cir.1981). The record will contain substantial evidence when there is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. *Thomas v. Schweiker,* 666 F.2d 999, 1002 (5th Cir.1982); *Salinas v. Schweiker,* 662 F.2d 345, 347 (5th Cir.1981); *Anderson v. Schweiker,* 651 F.2d 306, 308 (5th Cir. 1981).

■ Upon applying the substantial evidence test to this record, the court concludes that there is substantial evidence to support the Secretary's finding that plaintiff's medical impairments do not prevent her from performing her past relevant work. The administrative law judge's finding that plaintiff's former job as a sheet inspector was medium work is supported by both the Burlington Company's Job Description contained in the record (Tr. 116) and plaintiff's own testimony (Tr. 141–48). The only findings in controversy, therefore, are those with regard to plaintiff's residual functional capacity to perform her past relevant work.

Dr. H.S. Chaung, a neurologist, personally examined plaintiff on August 4, 1981. His report of that examination and the Residual Functional Capacity Assessment he completed following that examination are both included in the record. (Tr. 195–98). Dr. Chaung reported the following: (1) chest was clear on auscultation; (2) heart rhythm was regular at 84 per minute, no murmur, blood pressure was 160/100, and peripheral pulsation was good, including both carotid arteries; (3) there was a full range of movement in the neck; (4) straight leg raising was 90 degrees bilaterally; (5) plaintiff was conscious, cooperative, and well oriented as to time, person, and place; (6) extraocular movements were full to all directions, with no mystagmus; (7) there was no localizing or lateralizing weakness noted in all four limbs, and no sensory deficits; (8) rapid ordinating and fine finger movements were normal on both sides; (9) abdominal reflex was normal bilaterally; and (10) the remainder of the neurological examination was essentially normal. A slight limitation of the flexion and moderate limitation of the extension of the back were noted, however. (Tr. 196).

Dr. Chaung concluded that plaintiff's descriptions of her headaches and neck pain suggested muscle contractile headaches. He also suggested that her back pain was probably due to chronic muscle strain. However, he found no appreciable neurological deficit on examination. He also felt clinically, plaintiff did not have either essential tremor or multiple sclerosis. *Id.*

An X-ray report dated August 4, 1981 and signed by Dr. W. Lee Lemon revealed the following: *Lumbar Spine:* (1) slight straightening of the lordotic curve on the lateral view which can be positional or due to muscle spasm; and (2) degenerative marginal osteophytes at all levels, but with no associated disc space narrowing. *Cervical Spine:* (1) slight reversal of the lordotic curve on the lateral view which can be positional as well as related to muscle spasm; (2) mild degenerative osteophytes; and (3) otherwise negative results. (Tr. 199).

Dr. Chaung's Residual Functional Capacity Assessment included his conclusions that (1) plaintiff could sit, stand, and walk for up to eight hours each during an eight-hour work day; (2) plaintiff is capable of lifting and carrying 26–50 pounds occasionally, 21–25 pounds frequently, and 6–10 pounds continuously; (3) plaintiff can use both hands for simple grasping, pushing and pulling of arm controls, and fine manipulation; (4) plaintiff can use both feet for repetitive movements as in pushing and pulling leg controls; (5) plaintiff can bend, squat, crawl, climb, and reach frequently; and (6) plaintiff suffers from no common-place non-exertional restrictions on her activities. (Tr. 198).

Plaintiff repeatedly throughout the disposition of this case has called the attention of the Secretary to the reports of Dr. William H. Gordon, Jr., Dr. Edward F. Houser, Jr., and Dr. Charles E. Fisher, Jr. (Tr. 86–88, 90–91, 100–02, 110–12, 114, 208). Also present in the record are the reports of Dr. William S. Ullom and Dr. William C. Wilson. (Tr. 80, 89, 92–98, 113). The conclusion of each of these physicians may be summarized briefly. Dr. Gordon's report of November 30, 1978 contains a diagnosis of cervical syndrome, familial tremor, and a notation of "MS suspect." (Tr. 86). His later reports contain the conclusion that plaintiff is totally disabled. (Tr. 87, 110, 114, 208). However, Dr. Gordon's reports to the agency indicate that no lab or diagnostic work was performed on plaintiff through July, 1979 (Tr. 101) and plaintiff's testimony was to the effect that a spinal tap performed on her failed to show indications of multiple sclerosis (Tr. 32). Dr. Houser's surgical report is a terse statement that he concurs in Dr. Gordon's findings with regard to total disability. (Tr. 111). Dr. Fisher, an ophthalmologist, reports that Mrs. Little has no ophthalmic findings of multiple sclerosis, however, because of her eye problems he suggests that "it is quite difficult for her to work in her present job." (Tr. 112). Dr. Ullom's reports are of limited utility in that his treatment of her dealt primarily with a hiatal hernia and his last examination of plaintiff took place February 14, 1978. (Tr. 89). Dr. Wilson's report is also a terse statement in which he simply concurs with Dr. Gordon's finding of total and permanent disability. (Tr. 113).

The only significant objective test results contained in the record are the X-ray report discussed above, a radiological report dated October 21, 1977 (Tr. 84), and a report on a barium enema dated February 27, 1979 (Tr. 99). The latter two reports fail to present any significant abnormalities in plaintiff's condition at the time those tests were performed.

The opinions of Drs. Gordon, Houser, and Wilson need not be conclusive on the issue of disability. 20 C.F.R. § 404.1527 states that the conclusions of a claimant's physicians are not determinative and that the Secretary will review the medical findings and other evidence before making a final conclusion. Where, as here, the medical evidence appears to be conflicting, it is for the Secretary, not this court, to resolve such conflicts. *Rivers v. Schweiker,* 684 F.2d 1144, 1159 (5th Cir.1982).

The administrative law judge considered the plaintiff's testimony and the medical evidence before him and concluded that the plaintiff was capable of performing her past relevant work. The court concludes from an examination of the record in this case that there is substantial evidence to support this conclusion.

## V

In deciding whether a claimant is disabled as required under the Social Security Act, four elements must be examined: 1) objective medical facts or clinical findings; 2) diagnosis of examining physician; 3) *subjective evidence of pain and disability taken from the testimony of the claimant and others who might have observed him or her;* 4) the claimant's age, education and work history. * * * All of these elements must be considered together and it is error for an ALJ to disregard any one of them. *Rodriguez v. Schweiker,* 640 F.2d 682, 685 (5th Cir. 1981) (emphasis added).

While the objective medical evidence does support a finding that the plaintiff is not disabled within the meaning of the Social Security Act, the plaintiff's subjective complaints of pain, if linked to a medically determinable impairment, could be sufficient to justify a finding of disability. *Olson v. Schweiker,* 663 F.2d 593, 596 (5th Cir.1981); *Scharlow v. Schweiker,* 655 F.2d 645, 648 (5th Cir.1981); *Benson v. Schweiker,* 652 F.2d 406, 408–09 (5th Cir.1981); *Ware v. Schweiker,* 651 F.2d 408, 412 (5th Cir.1981). Pain resulting from a medically determinable impairment, even if its existence is unsupported by objective medical evidence, may of itself be so intense as to

cause disability. *Benson v. Schweiker,* 652 F.2d at 408–09; *Ware v. Schweiker,* 651 F.2d at 412. "The ALJ *must* consider subjective evidence of pain as testified to by the claimant; failure to give consideration to the subjective evidence of pain and disability as testified to by the plaintiff is reversible error." *Scharlow v. Schweiker,* 655 F.2d at 648.

In this case plaintiff testified as to the disabling nature of the pain she suffers from. (Tr. 31–34, 170–81). Her husband's testimony corroborates plaintiff's. (Tr. 182–86). ALJ Bennett specifically found that plaintiff suffers from back pain secondary to chronic muscle strain. (Tr. 131). That finding provides the "medically determinable impairment" necessary to require a determination of the credibility of subjective complaints of pain under *Scharlow.*

 "An administrative law judge may properly challenge the credibility of a claimant who asserts he is disabled by pain." *Allen v. Schweiker,* 642 F.2d 799, 801 (5th Cir.1981). The determination as to whether a claimant can work despite some pain is within the discretion of the administrative law judge and will be upheld if it is supported by substantial evidence. *Wilkinson v. Schweiker,* 640 F.2d 743, 745 (5th Cir.1981). However, where, as here, a claimant testifies to the existence of pain which if found credible might permit a finding of disability and such pain can rationally be linked to a medically determinable impairment, the administrative law judge *must* make an *express* finding as to the *credibility* of such testimony, regardless of whether there exists objective medical evidence of such pain. *Scharlow v. Schweiker,* 655 F.2d at 648–49.

Here, ALJ Martin found that "[t]he evidence fails to demonstrate a degree of pain that would prevent the claimant from engaging in substantial gainful activity." (Tr. 14). Mrs. Little's testimony, if found credible, would have permitted a finding that she is unable to perform her past relevant work. ALJ Martin's finding does not *specifically* address the *credibility* of Mrs. Little's testimony as to the pain she suffers

from. Therefore, this finding is insufficient to meet the requirements of the *Scharlow* line of cases. ALJ Bennett adopted the analysis of ALJ Martin with regard to the medical evidence contained in the record prior to remand of this case by this court, except insofar as that analysis conflicted with his own findings. (Tr. 129). ALJ Bennett did not make any additional findings with regard to Mrs. Little's complaints of pain. In such a situation, the proper action by this court is an order of remand designed to permit the Secretary to make an *express* finding on the credibility of Mrs. Little's subjective complaints of disabling pain.

For the above-stated reasons, this case is remanded for the purpose of permitting the Secretary to make an express finding on the credibility of plaintiff's testimony with regard to pain and of permitting entry of any other orders that might be necessary after the credibility finding has been made.

Accordingly, defendant's motion for summary judgment is denied.