Floyd F. CAVITT, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of the Department of Health and Human Services, Defendant-Appellee.

No. 82–1411.

United States Court of Appeals, Tenth Circuit.

April 12, 1983.

Reginald LaBunker and Gary R. Terrill of McCullough, Wareheim & LaBunker, Topeka, Kan., for plaintiff-appellant.

Jim J. Marquez, U.S. Atty., Karen Humphreys, Asst. U.S. Atty., Topeka, Kan., and Joseph S. Friedman, Trial Atty., Office of the Gen. Counsel, Social Security Div., Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

Before SETH, Chief Judge, and McWILLIAMS and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is an appeal from a district court judgment upholding the Secretary of Health and Human Services' denial of disability insurance benefits to Floyd F. Cavitt.[1] Jurisdiction is based on 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We reverse.

1. Background

To ensure uniformity in adjudication of claims for disability benefits, the Secretary has since 1979 employed a systematized sequential evaluation scheme to determine whether claimants are disabled. The

---

1. Cavitt claimed disability benefits under 42    U.S.C. §§ 416(i), 423.

scheme is set forth in 20 C.F.R. § 404.1520 (1982).[2]

Progressing through the steps of the scheme, the Secretary found that Cavitt was not performing "substantial gainful activity;"[3] that Cavitt had a severe physical impairment, namely, a spinal injury;[4] that Cavitt's impairment was not listed in Appendix 1 of Subpart P of Social Security Regulation No. 4 and was not equivalent to a listed impairment;[5] and that Cavitt could not do "past relevant work."[6] Therefore, the Secretary proceeded to the last step in the sequential scheme.[7]

The Secretary then made the determinations required by the last step of the scheme. Specifically, the Secretary found that Cavitt had the "residual functional capacity" to do sustained "sedentary work," that Cavitt had graduated from high school, that Cavitt had no transferable job skills, and that Cavitt was thirty-six years old. Having made these determinations, the Secretary turned to Table 1 of Appendix 2 of Subpart P of Social Security Regulation No. 4 to ascertain whether Cavitt was eligible for disability benefits. The Secretary found that under Rule 201.27 of that table a claimant who has the "residual functional capacity" to do "sedentary work," has a high school diploma, has no transferable job skills, and is thirty-six years old is deemed not to be disabled within the meaning of the Social Security Act. Therefore, the Secretary ruled that Cavitt was not disabled.[8] As indicated, the district court upheld that determination.

## 2. Discussion

Cavitt's initial argument is that the record does not support the Secretary's finding that he has the "residual functional capacity" to perform sustained sedentary work. For this reason, Cavitt maintains, it was error for the Secretary to apply Rule 201.27. See, e.g., Proctor v. Schweiker, 526 F.Supp. 70, 75 (D.Md.1981).

We note preliminarily that the role of this Court is to determine on the entire record whether the Secretary's finding is supported by "substantial evidence."[9] Lovett v. Schweiker, 667 F.2d 1 (5th Cir.1981); Cagle v. Califano, 638 F.2d 219 (10th Cir. 1981). "Substantial evidence" is more than a "mere scintilla" of evidence. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); Smith v. Schweiker, 646 F.2d 1075, 1083 (5th Cir. 1981). It is evidence which a reasonable mind would accept as being adequate to support a conclusion. Richardson v. Perales, 402 U.S. at 401, 91 S.Ct. at 1427; Smith v. Schweiker, 646 F.2d at 1083.

The record in this case consists primarily of the testimony of Cavitt and the written statements of two physicians who examined him. Cavitt testified that as a result of his spinal injury he is unable to stand for more than one hour or to sit for more than twice that time without experiencing disabling pain.[10] He also testified, however, that he has substantial use of his arms and legs; that he sometimes does household chores for brief periods; that he does not take a prescribed anodyne for his pain; that he submitted two job applications after the date on which he allegedly became disabled; and that he thought he might be able to perform light work in a sitting position for eight full hours day-to-day, but that he was not certain because he had not tried.

2. The scheme itself is set out in 20 C.F.R. § 404.1520 (1982). Other regulations amplify that provision however. See 20 C.F.R. § 404.-1501 et seq. (1982).

3. See 20 C.F.R. §§ 404.1520(a)–(b) (1982).

4. Id. (c).

5. Id. (d).

6. Id. (e).

7. Id. (f).

8. The administrative law judge who reviewed Cavitt's claim made these determinations initially, but the Secretary later adopted his conclusions.

9. This standard is mandated by statute. See 42 U.S.C. § 405(g).

10. We hasten to note that Cavitt has undergone surgery twice for his spinal injury.

The written statements of the two physicians indicated that Cavitt's injury had resulted in loss of flexibility and extension and that Cavitt was likely to experience acute pain when standing, walking, or lifting. Both physicians concluded that Cavitt's impairment constituted a severe disability, and one of the physicians stated that Cavitt was totally disabled.[11]

20 C.F.R. § 404.1567 (1982) defines "sedentary work" as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

If a claimant cannot perform work falling within this definition for more than a brief period, then it is improper to apply the rules set forth in Appendix 2 of Subpart P of Social Security Regulation No. 4. *E.g., Davis v. Schweiker,* 536 F.Supp. 90, 98 (N.D. Cal.1982); *Proctor v. Schweiker,* 526 F.Supp. 70, 75 (D.Md.1981).[12]

We do not believe that a "reasonable mind" would conclude that Cavitt was physically able to perform sustained sedentary work simply because he does some household chores, takes no medication, applied without success for two jobs, and would like to be able to do at least sedentary work on a regular basis. *Richardson v. Perales, supra.* The evidence in the record, at most, suggests that Cavitt could perhaps do sedentary work for short periods and that Cavitt had a wishful desire to be able to do more. There being, then, insufficient evidence to support the Secretary's finding that Cavitt could perform sustained sedentary work, the Secretary erred by applying Rule 201.27 of Appendix 2 of Subpart P of Social Security Regulation No. 4.[13]

### 3. Disposition

The judgment is reversed, and the case is remanded with directions to return the matter to the Secretary for further proceedings consonant with this opinion.[14]

---

**11.** This opinion is particularly significant, since it was given by Cavitt's longstanding treating physician. *Bowie v. Harris,* 679 F.2d 654, 656 (6th Cir.1982); *Smith v. Schweiker,* 646 F.2d 1075, 1081 (5th Cir.1981).

**12.** *Compare Smith v. Schweiker,* 646 F.2d 1075, 1081 (5th Cir.1981) (a claimant who because of pain can perform work for only short intervals is unable to pursue gainful employment for purposes of the Social Security Act); *Simmons v. Harris,* 602 F.2d 1233, 1237 (5th Cir.1979) (same).

**13.** Because of our disposition of Cavitt's initial argument, we will not address his alternative theory attacking directly the validity of the so-called "grids."

**14.** Other courts have disposed of cases similarly. *See, e.g., Spencer v. Schweiker,* 678 F.2d 42, 45 (5th Cir.1982); *Perez v. Schweiker,* 653 F.2d 997, 1002 (5th Cir.1981).