Hosea FAISON, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.

No. 80–1794.

United States Court of Appeals, Sixth Circuit.

Argued April 14, 1982.

Decided May 24, 1982.

James T. Bilicki, Hall & Andary, Detroit, Mich., for plaintiff-appellant.

Richard A. Rossman, U. S. Atty., Detroit, Mich., David L. Maurer, John A. Obee, Sheldon N. Light, Asst. U. S. Attys., Detroit, Mich., for defendant-appellee.

Before EDWARDS, Chief Judge, KENNEDY, Circuit Judge, and PHILLIPS, Senior Judge.

PER CURIAM.

Plaintiff appeals from a judgment in the U. S. District Court for the Eastern District of Michigan affirming the Secretary's denial of social security disability benefits. Claimant Faison was born February 26, 1915, and is now 67 years old. He worked 41 years for the Ford Motor Company, 25 of them as a rough carpenter and the balance as a crane hooker in the steel mill at the Ford Motor plant. He stopped working there in July 1975.

While plaintiff's complaints include shortness of breath, back and leg pains and numbness in his hands, the Administrative Law Judge found that Faison had "mild cardiac and pulmonary disorders as well as controlled diabetes." The ALJ also concluded that Faison "is still able and fit to perform a wealth of sedentary operative pursuits [, which] exist in significant numbers throughout the economy of the region." The ALJ in reaching this conclusion relied in large measure upon his holding that Faison's semiskilled experience as a crane hooker was readily transferable to "sedentary operative pursuits." These conclusions on the part of the ALJ were accepted by the Secretary and the District Judge.

We recognize, of course, as did the District Judge, that the Secretary's findings of fact to the degree that they are supported by substantial evidence on the whole record are conclusive. As we see this record, the critical question is whether or not, particularly in view of some lack of sensation and function in Faison's hands, there is substantial evidence to support the Secretary's finding that Faison's semiskilled crane hooker experience represents skills that can be transferred to the sedentary occupations that the vocational expert testified Faison could perform, operating small injection molding machines and assembling, packaging, and inspecting manufactured goods.

We take judicial notice that while such sedentary occupations require less strength than many nonsedentary jobs, they involve operations that move faster and require more manual dexterity.

The ALJ conducted an experiment with claimant Faison, which is recorded in the record as follows:

DR. FOTIU: No.—Well, let me ask Mr. Faison to demonstrate that position (INAUDIBLE, ALL TALKING AT ONCE)

ALJ: Yes, this would be helpful to you.

DR. FOTIU: Mr. Faison, I am taking your right hand. Can you take your palm and place it on your small finger like that?

Then the next finger. (INAUDIBLE) the next finger. And then the other one. Can you do that with your right finger?

MR. BILICKI: I think the record ought to indicate and if anyone else wants to comment on it, Mr. Faison attempted to touch his right thumb to his each of the fingers on the right hand up. At least from my observation he demonstrated some difficulty, and in doing so it took him a little longer time I—

UNKNOWN: The little finger on each hand.

ALJ: And you question Dr. Fotiu?

DR. FOTIU: No, I just wanted Dr. Lewis to comment on that. It is primarily the opposition to the little finger, that is the difficulty that you observed.

DR. LEWIS: Yes. And I think this would be congruent with your observation as well.

ALJ: Yes.

DR. LEWIS: Yes, and Mr. Bilicki's.

UNKNOWN: Now you are right handed, aren't you Mr. Faison? Here is a—what would you call it—a felt pen. It is a normal size pen. Can you pick that up for me?

Okay.

Now do we have a paper clip?

I'm sorry. Now can you pick that up? —This is the way I would pick it up. So, he probably has a little difficulty with that would you say.

MR. FAISON: (INAUDIBLE) feeling, that of the finger tips.

ALJ: It would appear that way.

ALJ: The thumb also?

MR. FAISON: Yes.

ALJ: And all the tips of the fingers?

MR. BILICKI: Let the record indicate that Mr. Faison's demonstration, his attempt to pick up the paper clip indicated that he did fumble a bit with the tip of his thumb and his fore fingers [sic].

UNKNOWN: I thought he was sore. I wouldn't call it fumbling. I would say that he was sore.

MR. FAISON: The feeling in the tips.

ALJ: It makes it difficult to pick up things because of the philanthropy—for something small like that.—It's the lack of feeling right down the first filange [sic].

MR. FAISON: Yes.

UNKNOWN: It's okay here. You have feeling.

ANOTHER UNKNOWN: The second.

MR. FAISON: Right on the tip. And the bottom of my feet. Big toe (INAUDIBLE)

ALJ: (INAUDIBLE) What difficulty do you have in picking up the pen, Mr. Faison?—Can you pick that up alright?

MR. FAISON: I can pick it up.

In addition, the Secretary's medical advisor found "some atrophy of what's called the femur eminence," and affirmed that "there was a problem with deformity in [Faison's] hands." He also indicated that Faison had a problem in "joining the thumb with the other fingers."

■ In light of the foregoing evidence and the nature of the sedentary occupations that, according to the vocational expert, Faison could perform at the time of the hearing before the ALJ, we find that Faison's skills were not "transferable," *see* 20 C.F.R. § 404.1568(d) (1981), and hold that the contrary finding of the Secretary is not supported by substantial evidence on the whole record.

Under Rule 201.02 of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (1981), a person of Mr. Faison's residual functional capacity, advanced age, limited education, and lack of transferable skills is "disabled."

The case is remanded to the District Court for remand to the Secretary for grant of benefits.

CORNELIA G. KENNEDY, Circuit Judge, dissenting.

I agree with the majority that the critical question in the instant case is whether there is substantial evidence from which the ALJ and the Secretary could conclude that claimant's skills as a crane hook operator were transferable to more sedentary occupations. Since I feel that there was such evidence, I respectfully dissent.

The majority opinion fails to consider the evidence supplied by the vocational expert, Dr. Fotiu, who specifically testified that given claimant's problem with his hands the availability of substantial gainful employment depended on the extent of the claimant's manual handicaps. After witnessing the experiment alluded to in the majority opinion, Dr. Fotiu concluded that there were jobs claimant could perform and that his hand problems did not prevent his job skills from being transferable.

Since the ALJ could consider the vocational expert's testimony, I think there was substantial evidence to support his determination and would affirm the judgment denying benefits.