**Charles C. WINN, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 81–1786.**

United States Court of Appeals, Tenth Circuit.

July 8, 1983.

Joan Parks Saunders, Oklahoma City, Okl. (Jack Gray, Oklahoma City, Okl., on the brief), for plaintiff-appellant.

Gabriel L. Imperato, Trial Atty., Social Security Div., Dept. of Health and Human Services, Baltimore, Md. (J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., David Russell, U.S. Atty., and Charles Lee Waters, Asst. U.S. Atty., Oklahoma City, Okl., with him on the brief), for defendant-appellee.

Before SETH, McWILLIAMS and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

This case involves the application of the medical-vocational guidelines promulgated by the Secretary of Health and Human Services for determining eligibility for disability insurance benefits under the Social Security Act. *See* 20 C.F.R. pt. 404, subpt. P, app. 2 (1982). Charles C. Winn appeals from a district court judgment upholding the Secretary's termination of the benefits he had been receiving. We reverse.

The validity of the guidelines themselves is not in question here. *See Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). Rather, Winn challenges the particular determination under the guidelines that he was not disabled.

The Administrative Law Judge made the following findings, which set out Winn's age, education, prior work experience, and the nature of his claimed disability:

"1. The claimant was found to be disabled within the meaning of the Social Security Act beginning October 16, 1976.

2. The claimant's impairment was degenerative disc disease, L5 to S1.

3. The medical evidence shows that by October 1978 the claimant's impairment had improved.

4. The claimant is unable to perform past relevant work as battery repairman, lumberyard employee and head school custodian.

5. As of October 1978, the claimant had at least sufficient residual functional capacity for at least sedentary work as defined in Section 404.1510(b), Regulations No. 4.

6. Claimant's subjective complaints of pain are not deemed sufficiently credible to support a finding that disability continued after October 1978.

7. The claimant is 50 years old and has a 9th grade education.

8. *The claimant's work as head custodian at a school imparted skills that are transferable to work other than that previously performed.*

9. Rule 201.11, Table No. 1, Appendix 2, Subpart P, Regulations No. 4, on the basis of residual functional capacity, age, education and work experience, directs that claimant be found no longer disabled as of October 1978.

10. By October 1978 the claimant was no longer under a 'disability' as defined in the Social Security Act, as amended."

Rec., vol. II, at 13–14 (emphasis added). The ALJ applied Table No. 1 of the medical-vocational guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2 (1982), and concluded that Winn was not disabled.

Table No. 1 of the guidelines applies to claimants found capable of performing sedentary work. The relevant portion applicable to claimants closely approaching advanced age with limited education provides:

| Rule | Age | Education | Previous work experience | Decision |
|------|-----|-----------|--------------------------|----------|
| 201.09 | Closely approaching advanced age. | Limited or less. | Unskilled or none. | Disabled. |
| 201.10 | do. | do. | Skilled or semiskilled—skills not transferable. | do. |
| 201.11 | do. | do. | Skilled or semiskilled—skills transferable. | Not disabled. |

20 C.F.R. pt. 404, subpt. P, app. 2, Table 1 (1982) (emphasis added). The finding that Winn possessed transferable skills was thus critical to the ALJ's determination that Winn was not disabled.

As we recently noted,

"the role of this Court is to determine on the entire record whether the Secretary's finding is supported by 'substantial evidence.' *Lovett v. Schweiker,* 667 F.2d 1 (5th Cir.1981); *Cagle v. Califano,* 638 F.2d 219 (10th Cir.1981). 'Substantial evidence' is more than a 'mere scintilla' of evidence. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420 [1427, 28 L.Ed.2d 842], *Smith v. Schweiker,* 646 F.2d 1075, 1083 (5th Cir.1981). It is evidence which a reasonable mind would accept as being

adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. at 401, 91 S.Ct. at 1427; *Smith v. Schweiker,* 646 F.2d at 1083."

*Cavitt v. Schweiker,* 704 F.2d 1193, 1194 (10th Cir.1983) (footnote omitted).

The evidence of Winn's "transferable skills"[1] is meager at best. The ALJ's entire findings with respect to Winn's skills are: "His relevant work experience has been as a battery repairman, lumber company employee and head custodian at a school. The latter position involved supervision of 18 or 19 people and is regarded as skilled work with transferable skills." Rec., vol. II, at 11. The ALJ failed to specify any skills he believed Winn had gained from his experience. The only support for the conclusion that Winn has transferable skills from his position as head custodian is a handwritten response on a Medical History Report that Winn completed in May 1977. To the instruction "Describe the duties of your usual job in your own words," he responded: "Clean and repair school equipment. As head custodian I supervised 18 or 19 people." *Id.* at 75. However, in a Vocational Report completed in August 1978, Winn checked "No" when asked if he had had supervisory responsibilities in his job. *Id.* at 93. He also indicated he had not used technical knowledge or skills. *Id.*

At the hearing in January 1981, the paralegal who was representing Winn asked him to describe a typical day at work. He testified:

"Well, the first thing every morning I made sure that there was heat in the building in the wintertime, of course. And I kept the entire plant running. Did some cleaning. Did some yard work. In the wintertime I'd plowed out the snow.

" . . . .

"And, you know, just general building maintenance would probably cover it just as well as anything I could say."

*Id.* at 32. Although the ALJ also questioned Winn, he asked nothing about his job skills. There is no evidence to explain the inconsistency between Winn's statements that he supervised 18 or 19 people and that he had no supervisory skills. Assuming the first statement is correct, there is no hint in the record as to the nature of the supervisory skills of the head custodian of a high school in Libertyville, Illinois. On this record, we do not see how a reasonable mind could conclude that Winn has transferable skills.

The finding that Winn has skills transferable to sedentary work is not supported by substantial evidence. Consequently, the vocational guideline was incorrectly applied. We remand so that the Secretary may develop a better record on the issue of transferable skills and reconsider Winn's claim.[2]

---

**1.** The regulations provide:

"(d) *Skills that can be used in other work (transferability).* (1) *What we mean by transferable skills.* We consider you to have skills that can be used in other jobs, when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work. This depends largely on the similarity of occupationally significant work activities among different jobs.

"(2) *How we determine skills that can be transferred to other jobs.* Transferability is most probable and meaningful among jobs in which—

(i) The same or a lesser degree of skill is required;

(ii) The same or similar tools and machines are used; and

(iii) The same or similar raw materials, products, processes, or services are involved.

(3) *Degrees of transferability.* There are degrees of transferability of skills ranging from very close similarities to remote and incidental similarities among jobs. A complete similarity of all three factors is not necessary for transferability. However, when skills are so specialized or have been acquired in such an isolated vocational setting (like many jobs in mining, agriculture, or fishing) that they are not readily usable in other industries, jobs and work settings, we consider that they are not transferable."

20 C.F.R. § 404.1568 (1982).

**2.** On appeal Winn also argues that a remand is justified to enable the Secretary to consider a psychiatric report prepared subsequent to the hearing. We need not decide that question now, and note that the Secretary may consider the new evidence on remand.

*See Vazquez v. Secretary of Health & Human Services,* 683 F.2d 1, 4–5 (1st Cir.1982); *Hall v. Harris,* 658 F.2d 260, 266–67 (4th Cir.1981); *Decker v. Harris,* 647 F.2d 291, 295–96 (2d Cir.1981); *see also Faison v. Secretary of Health & Human Services,* 679 F.2d 598, 599–600 (6th Cir.1982).

The judgment is reversed and the case is remanded with directions to return the matter to the Secretary for further proceedings consistent with this opinion.