**Sheila PYLES, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, Secretary, Department of Health and Human Services, Defendant–Appellee.**

**No. 87–3177.**

United States Court of Appeals, Fourth Circuit.

Argued April 8, 1988.

Decided May 20, 1988.

---

Timothy James Paulus, Baltimore, Md., Sheila Faye Robinson (Legal Aid Bureau, Inc., on brief) for plaintiff-appellant.

Jacquelyn Cusumano (Beverly Dennis, III, Chief Counsel, Region III, Philadelphia, Pa., Charlotte Hardnett, Supervisory Asst., Regional Counsel, Washington, D.C., Dorothea Lundelius, Supervisory Asst., Regional Counsel; Office of the General Counsel, Region III, Dept. of Health & Human Services, Philadelphia, Pa., Breckinridge L. Willcox, U.S. Atty., Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., on brief) for defendant-appellee.

Before HALL, CHAPMAN and WILKINSON, Circuit Judges.

PER CURIAM:

The Secretary of Health and Human Services denied the application of Sheila Pyles for Supplemental Security Income (SSI) benefits. The district court upheld that decision. Because the Secretary's decision is not supported by substantial evidence, we reverse.

### I.

Sheila Pyles is a 54–year old woman with an eleventh-grade education. Since 1972, she has worked as a seamstress, a sealer, and manager of a church thrift shop. Her most recent job, as a sorter and part-time cashier at an Amvets thrift shop, ended in November, 1980, when she injured her back lifting boxes at work. She has not worked since then. She has been treated by several doctors, who have diagnosed numerous conditions including back pain, right carpal tunnel syndrome, various arthritic conditions, chronic back strain, numbness in her hands, and a limited range of motion.

In 1982, Pyles applied for SSI benefits, claiming to be disabled within the meaning of Title XVI of the Social Security Act. Her application was denied administratively. When the Secretary's decision became final in 1985, she sought review in federal court. The district court remanded the case to the Secretary for further consideration of Pyles's functional and vocational limitations arising from pain, and for testimony from a vocational expert as to whether she had acquired transferable skills in her employment that would enable her to perform work similar to her prior employment.

A hearing was then held before an Administrative Law Judge, and a vocational expert testified. He stated that a claimant with Pyles's impairments and work experience could perform sedentary work, including laundry sorter and small gift shop manager. He testified that both of those jobs existed in the regional economy.

The ALJ found that Pyles was unable to perform her past relevant work as a sorter, thrift shop manager, standing cashier, or sewing machine operator. In addition, he found that her capacity to perform sedentary work was reduced by numbness in her right arm. He nevertheless recommended denial of benefits, concluding that Pyles was capable of performing sedentary work and that there existed in the regional economy a significant number of jobs she could perform, including sedentary cashier and small gift shop manager. The Appeals Council adopted the ALJ's decision, but substituted laundry sorter for sedentary cashier in the finding of jobs in the economy which Pyles could perform. The determination of the Appeals Council became the final decision of the Secretary.

The district court upheld the Secretary's decision, holding that Pyles suffered from pain which was not totally disabling and that she was able to perform sedentary work. The court accepted the testimony of the vocational expert that jobs existed which Pyles could perform. Pyles now argues that the Secretary has failed to advance substantial evidence supporting his finding that she possessed skills transfer-

able to jobs within her capacity to perform. We agree.

## II.

The scope of our review is narrow. We must uphold the Secretary's finding of non-disability, even if we disagree with it, if it is supported by substantial evidence. 42 U.S.C. § 405(g) (Supp. III 1985); *Smith v. Schweiker,* 795 F.2d 343, 345 (4th Cir.1986). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" *Shively v. Heckler,* 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966)).

To qualify for SSI benefits, a claimant must show, *inter alia,* that he or she is "under a disability." 42 U.S.C. § 423(a)(1)(D). "[A]n individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ..." 42 U.S.C. § 423(d)(2)(A). The Secretary found that Pyles was unable to perform her prior work, but denied her benefits because he found her capable of performing other substantial gainful work. There was not substantial evidence to support that finding.

The Secretary has promulgated medical-vocational guidelines for use in determining disability where that determination cannot be made on the basis of medical evidence alone, and where the determination must take into account vocational factors and residual functional capacity. 20 C.F.R. § 404, Subpart P, App. 2. The ALJ used these guidelines as a "framework" in determining that Pyles was not disabled. He found that Pyles was "closely approaching advanced age," 20 C.F.R. § 416.963, and had a "limited" education. 20 C.F.R. § 416.964. Under the guidelines, a claimant with these characteristics and capable of performing sedentary work will be found disabled if their previous work experience was "unskilled" or "skilled or semi-skilled—skills not transferable." 20 C.F.R. § 404, Subpart P, App. 2, Table No. 1, Rules 201.09, 201.10. The ALJ found Pyles's work experience to be "skilled or semi-skilled—skills transferable," however, which, under the guidelines, mandated a finding of "not disabled." *Id.,* Rule 201.11. Thus, the Secretary's decision may stand if there is substantial evidence to support his finding that Pyles's previous work experience had been skilled or semi-skilled and had invested her with transferable skills.

The vocational expert characterized Pyles's position as thrift shop manager as skilled work. He testified that he did not base this conclusion on any specific duties Pyles performed, but based it on the description of the job provided in the Labor Department's Dictionary of Occupational Titles (DOT). There is no evidence in the record, however, detailing specific skills acquired by Pyles in that position which are transferable to the position of gift shop manager. The mere characterization of her position as managerial cannot suffice to show that she had acquired skills transferable to the position of gift shop manager. The Secretary must show that specific skills actually acquired in the former are transferable to the latter. *See Winn v. Schweiker,* 711 F.2d 946, 948 (10th Cir. 1983).

The vocational expert's conclusion, and the Secretary's decision, is particularly suspect in this case because it is clear from the record that, despite the title ascribed to it, Pyles's position at the thrift shop cannot, in any realistic sense, be described as managerial. The Dictionary of Occupational Titles defines "Manager, Retail Stores" as one who performs the following duties personally or supervises employees performing them:

Plans and prepares work schedules and assigns employees to specific duties. Formulates pricing policies ... Coordinates sales promotion activities and prepares, or directs workers preparing, merchandise displays and advertising copy. Supervises employees engaged in, or performs, sales work, taking of inventories, reconciling cash with sales re-

ceipts, keeping operating records, or preparing daily record of transactions for ACCOUNTANT ... Orders merchandise or prepares requisitions to replenish merchandise on hand. Insures compliance of employees with established security, sales, and record keeping procedures and practices.

U.S. Dept. of Labor, Dictionary of Occupational Titles 185.167–046 (4th ed. 1977). Pyles's duties at the thrift shop were far less complex than those described in the above definition. The thrift shop was church-run. Pyles testified that she "[wrote] up the items coming in, what's going out, worked cash register, priced the goods ... put flyers out and had to pick up from different houses." She stated that she was "in charge" and worked without supervision, but stated that she did not know whether she could fire employees, and that she asked the owner of the shop to hire someone to assist her.

The Secretary now concedes that Pyles "did not ... perform the extent of activity described in the D.O.T. for Retail Store Manager." He admits that Pyles's duties as thrift store manager were "closer to the occupational description of the job of Sales Clerk." The Secretary argues, however, that, if her duties approximated those of a sales clerk, the position was semi-skilled and imparted transferable skills. He therefore contends that there was substantial evidence supporting his finding of not disabled.

Were the vocational expert correct in characterizing Pyles's position at the thrift shop as "manager," we would be hard pressed, without a discussion of specific skills, to find substantial evidence that she had acquired skills transferable to the position of gift shop manager. If, as the Secretary now concedes, her duties at the thrift shop were closer to those of a sales clerk, it is impossible to find such evidence. Although a claimant may acquire transferable skills in the performance of semi-skilled work, 20 C.F.R. § 416.968(d), the transferability of skills depends on "the

similarity of occupationally significant work activities" between two jobs. *Id.* It strains credulity to conclude, particularly without any discussion of specific skills, that a sales clerk position is sufficiently similar to that of a retail store manager to impart transferable skills. Because there is not substantial evidence to support the Secretary's finding that Pyles possessed transferable skills,* we reverse the Secretary's decision and direct an award of benefits.

REVERSED.

---

* The Secretary denied benefits on the grounds that Pyles could work as both a gift shop manager and a laundry sorter. In his brief, however, the Secretary concedes that Pyles cannot be found "not disabled" on the basis of her ability to perform the duties of a laundry sorter.