875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy CARROLL, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee
 No. 88-6226.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 The issue in this Social Security case is whether the Secretary's finding that plaintiff, Jimmy Carroll, is not disabled and able to perform his past relevant work as a welder is supported by substantial evidence. This appeal arises from Carroll's application for benefits made on August 2, 1983 and alleging disability as of October 15, 1982. The application was denied initially and upon reconsideration. A hearing before an administrative law judge (ALJ) was conducted and resulted in a determination that Carroll was not disabled. The Appeals Council affirmed.
 
 
 2
 Thereafter, Carroll timely filed a complaint in the District Court pursuant to 42 U.S.C. Sec. 405(g). The District Court ordered the cause remanded for redetermination in light of the new rules governing determination of disability due to mental impairment.
 
 
 3
 A supplemental hearing was held and the resulting decision of the ALJ recommended that Carroll be designated not disabled, as he was able to perform a full range of medium work with limitations, and such work existed in significant numbers in the national economy. The Appeals Council affirmed the finding that Carroll was not disabled and added the additional rationale that Carroll could perform his past relevant work as a welder.
 
 
 4
 Carroll timely appealed the Secretary's decision to the District Court pursuant to 42 U.S.C. Sec. 405(g). The District Court granted summary judgment to the Secretary, finding that his determination was supported by substantial evidence.
 
 
 5
 Carroll was born on March 22, 1948. He has an eleventh grade education and completed a nine-month vocational course in welding. He last worked as a first class welder in a boat yard and was laid off in October 1982. Carroll alleges disability due to chronic lung disease, brittle diabetes, hearing loss and mental impairment.
 
 
 6
 The Secretary's decision must be upheld if it is supported by substantial evidence. 42 U.S.C. Sec. 405(g); Faison v. Secretary of Health and Human Services, 679 F.2d 598, 599 (6th Cir.1982). Substantial evidence has been defined as more than a scintilla but less than a preponderance, and as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). In deciding whether the Secretary's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir.1978).
 
 
 7
 The medical and psychological evidence supports the Secretary's decision that Carroll is not disabled. While Carroll does suffer from brittle diabetes, the evidence shows that he worked or sought work for at least a year after the condition was diagnosed. The Reports of Drs. Hendrix, Thompson and Sutherland indicate minimal, at most, end organ damage resulting from the condition. Further, Dr. Hendrix opined that Carroll's ability to sit, stand, walk and lift was only minimally affected by the condition.
 
 
 8
 While Carroll was found to suffer from chronic pulmonary disease, the medical evidence indicates that it was mild. The reports of Drs. Sundaram, Hendrix and Sutherland show only a minimal amount of air trapping or small airway disease. This evidence supports a finding of no disability due to Carroll's pulmonary condition.
 
 
 9
 Similarly, evidence submitted on Carroll's hearing loss and his psychological and intellectual status show him functioning at near normal capacity. The report of Dr. Hendrix indicated 90-95% speech discrimination and no problems with hearing conversational tones. The reports of McGregor and Associates and Dr. Hendrix indicated that Carroll possessed normal judgment and insight, was capable of following directions and doing a variety of tasks and had a normal memory. This evidence supports the Secretary's finding that Carroll was not disabled due to hearing loss or mental impairment.
 
 
 10
 Indeed, the only evidence in the record suggesting that Carroll is disabled are the opinions of Carroll's treating physician, Dr. Martin. These opinions, however, are not supported by objective medical evidence and indeed conflict with the other evidence in the record.
 
 
 11
 Considering the record as a whole, the decision of the Secretary is supported by substantial evidence. Accordingly, the opinion of the District Court is affirmed.