**Major P. MITCHELL, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary, Department of Health and Human Services, Defendant.**

**No. 84–142–CIV–EPS.**

United States District Court, S.D. Florida, Miami Division.

Sept. 6, 1984.

Kathleen Phillips, Coral Gables, Fla., Joel V. Lumer, Miami, Fla., for plaintiff.

Barry Seltzer, Asst. U.S. Atty., Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER

SPELLMAN, District Judge.

THIS CAUSE is before the Court to review the final decision of the Secretary of Health and Human Services (HHS) terminating disability benefits pursuant to 42 U.S.C. §§ 416(i) and 423. For the reasons stated below, the Court reverses the decision of the Secretary terminating the entitlement of disability benefits and remands this cause for further proceedings, not inconsistent with this Opinion.

## BACKGROUND

Mr. Mitchell had previously worked as an auto mechanic. He was determined to be

disabled in 1980 after he underwent open heart surgery. In March of 1983, HHS sent a letter to Mr. Mitchell stating that it had determined that he was no longer disabled. At a hearing contesting this decision in August 1983 before an Administrative Law Judge (ALJ), Mr. Mitchell relied on other impairments that he had developed rather than the disability stemming from his heart surgery. Evidence was presented that Mr. Mitchell had a back problem, that he suffered from hypertension, shortness of breath and labored breathing. In addition, evidence was presented that Mr. Mitchell had psychiatric problems, that he was mildly mentally retarded, that he had lost fine dexterity, and that he had poor short term memory.

Mr. Mitchell testified that he suffered severe pain from his back problems and was unable to sit for long periods of time or even walk around the block.

### THE ALJ'S FINDINGS

The ALJ found that Mr. Mitchell's orthopedic impairments precluded him from returning to his prior work as an automobile mechanic. Mr. Mitchell's own testimony about his pain was discounted to the extent that it was not supported by clinical or laboratory tests. The ALJ found that Mr. Mitchell had the "residual functional capacity" to perform sedentary work except for work that involves prolonged sitting, prolonged standing, or heavy lifting. The ALJ then referred to HHS' Medical-Vocational Guidelines (the "grid regulations"), apparently plugged in Mr. Mitchell's "residual functional capacity," age, education, and work experience, and found that Mr. Mitchell was no longer disabled.

### STANDARD OF REVIEW

This Court has a very limited role in reviewing the factual findings of the Secretary. If there is substantial evidence in the record to support the Secretary's findings, the Secretary must be upheld. 42 U.S.C. § 405(g). This test is met if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir.1983).

■ This Court must also determine whether the Secretary has applied correct legal standards in reviewing the claim. It is well-settled that "no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." *Smith v. Schweiker*, 646 F.2d 1075, 1076 (11th Cir.1981). If the Secretary failed to apply the proper legal standard, or even provide the reviewing Court with a sufficient basis from which to determine that the correct legal standard has been utilized, reversal is required. *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir.1982).

### THE LAW AS IT APPLIES TO MR. MITCHELL

■ In reviewing the testimony and documents presented to the ALJ, this Court finds that there was substantial evidence in the record to support a finding that Mr. Mitchell was capable of doing sedentary work so long as it did not involve prolonged standing, sitting, or heavy lifting. However, the Secretary applied the incorrect legal standards to this evidence.

The most obvious error is the way the ALJ treated Mr. Mitchell's testimony about the pain he suffers in his back and his inability to sit or stand for any extended period of time. According to the ALJ, the regulations require that:

> the validity of the claimant's allegation of inability to work for any period of time and any subjective symptoms of chest and back pain be conceded only insofar as the complaints are supported by clinical and laboratory diagnostic techniques. Statements of the claimant, including his own description of his impairment are, alone, insufficient to establish the presence of a physical or mental impairment.

Decision at 5.

The Fifth and Eleventh Circuits have emphatically rejected the notion that, to be

disabling, subjective claims of pain must be supported by objective medical evidence or by clinical or laboratory findings. *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) ("[i]t is well established in the Fifth and Eleventh Circuits that pain alone can be disabling, even when its existence is unsupportable by objective evidence").

■ Mr. Mitchell testified that he suffered considerable pain from his back problems and that this pain prevented him from working a full day with any regularity. He also testified that the pain allowed him to sit no longer than two hours at a time. This pain could be linked to Mr. Mitchell's degenerative arthritis of the lumbar sacral spine—a "medically determinable impairment." While it is the role of the ALJ to make credibility determinations with respect to a claimant's complaints of pain, it is incorrect as a matter of law to reject a claimant's claims of pain because they were not supported by clinical or laboratory techniques. Since the ALJ apparently did not consider Mr. Mitchell's subjective complaints of pain to the extent that they were not objectively supported by medical evidence, the case must be reversed and remanded.[*]

The Secretary's use of the "grid regulations" in determining that Mr. Mitchell was not disabled was also improper as a matter of law. The "grid regulations" are a detailed grid system which *direct* a conclusion in certain cases as to whether a claimant is disabled, based on the claimant's age, education, and work experience characteristics. The system works as follows: The ALJ first determines the claimant's "residual functional capacity," which involves determining whether the claimant can lift certain weights, sit, stand, push, or pull. 20 C.F.R. § 404.1567 (1981). When a claimant is found capable of sedentary, light or medium work, the regulations then provide three tables which correspond to each level of residual functional capacity. The tables account for such factors as age, education, and work experience. The ALJ then determines the claimant's age, education, and work experience, reads from the appropriate table and line and concludes whether the claimant is disabled. When the grid regulations are used, there is no discretion exercised by the ALJ. Herein lies the problem. For there are certain factors such as age and the ability of a person to adapt to a new job that should be determined on a case-by-case basis. *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub nom. Heckler v. Broz*, —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered to*, 711 F.2d 957, *modified*, 721 F.2d 1297 (11th Cir.1983).

Moreover, it is only proper to apply the grid regulations if each and every factor in the matrix is met by a characteristic of the claimant. 20 C.F.R. part 404, subpart P, App. 2 § 200.00(a), (d). And if a claimant is capable of some work at a given residual functional capacity but not a full range of work, then the grids do not apply. *Id.* at §§ 201.00(h), (i), 202.00(b); *see* 43 Fed.Reg. 9284, 9300.

■ There are several reasons why the ALJ's use of the grids in this case was improper as a matter of law. First, in violation of the Eleventh Circuit's directives in *Broz*, the ALJ apparently used the grid regulations on the age factor rather than make an individual determination as to how Mr. Mitchell's age (43) affected his ability to adapt to a new job. Second,

---

[*] It should be noted that in his findings, the ALJ stated:

In view of the objective medical evidence, the claimant's testimony may not be deemed *credible* to the extent that he would be totally precluded from engaging in substantial gainful activity.

Decision at 6 (emphasis added).

Although the ALJ used the term "credible", he had previously stated incorrectly, that as a matter of law, a claimant's testimony can only be "conceded" to the extent that it is supported by clinical and laboratory techniques. Thus, in the Court's view, the ALJ's decision to discredit Mr. Mitchell's testimony cannot be considered a credibility finding to which this Court should defer. He had already determined that Mr. Mitchell's testimony about his subjective pain could not form the basis of finding of disability unless it was supported by objective medical evidence.

Mr. Mitchell cannot perform a full range of work at the "sedentary" level in that he cannot sit or stand for prolonged periods of time. If a disability claimant cannot perform sedentary work for more than brief periods, the grid regulations do not apply. *Cavitt v. Schweiker*, 704 F.2d 1193, 1195 (10th Cir.1983). Third, Mr. Mitchell apparently suffers from loss of manual dexterity, mild mental retardation, anxiety and depression. These problems may also restrict his ability to do the full range of work at a sedentary level. The ALJ did not make any determination as to whether these problems would restrict Mr. Mitchell's ability to do sedentary jobs. If they do, then the grids would not apply and it was incorrect to use them in making the disability determination.

For all of the above reasons, the decision of the ALJ terminating Mr. Mitchell's disability should be reversed and the cause remanded so that the ALJ can apply the proper legal standards.