Major P. MITCHELL, Plaintiff,

v.

Margaret M. HECKLER, Defendant.

No. 84–0142–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Sept. 16, 1985.

Joel Lumer, Miami, Fla., for plaintiff.

Barry Seltzer, Asst. U.S. Atty., Miami, Fla., for defendant.

ORDER COMPELLING SECRETARY TO HOLD HEARING IN ACCORDANCE WITH THIS COURT'S ORDER OF SEPTEMBER 6, 1984

SPELLMAN, District Judge.

This cause was originally before the Court to review the final decision of the Secretary of Health and Human Services ("HHS"), terminating disability benefits previously awarded to the plaintiff, pursuant to 42 U.S.C. §§ 416(i) and 423. On September 6, 1984, 592 F.Supp. 618, this Court reversed the decision of the Secretary and remanded the case so that an Administrative Law Judge ("ALJ") could rehear the case and apply the correct legal standards. No appeal was taken by the Secretary. Rather, it appears that the Secretary merely neglected to provide Mitchell with a hearing date. Subsequently, Mitchell moved to compel the Secretary to conduct a hearing before an ALJ on May 15, 1985. The Secretary's response, filed on June 4, 1985, contained the Secretary's opinion that the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460 ("Reform Act"), precluded the plaintiff from securing a hearing before an ALJ. Instead, so the Secretary contends, Mitchell is obligated to return to square one, and begin his quest for disability benefits in the forum of a state agency. The Secretary further maintains that a hearing by an ALJ at this point would be premature, because the state agency may find that Mitchell has no valid claim. For the reasons set forth below, the Court finds that the Secretary's position is untenable and unpersuasive.

I.

■ Section 2(d)(2) of the Reform Act provides in pertinent part:

(2) The amendments made by this section shall apply to—

(A) determinations made by the Secretary on or after the date of the enactment of this Act;

(B) determinations with respect to which a final decision of the Secretary has not yet been made as of the date of the enactment of this Act.

(C) determinations with respect to which a request for judicial review was pending on September 19, 1984.

(D) determinations with respect to which a timely request for judicial review is or has been made.[1]

Social Security Disability Benefits Reform Act, Pub.L. No. 98–460.

The Court believes that, from the clear language of the section cited above, the amendments do not apply to the case at issue. Still, this case, and probably many that will follow, present a dilemma for the Court. Would it be in the best interests of the claimant to have his or her case presented under the new standards required by the amendments; or, would that merely harm the claimant by subjecting him or. her to the delays apparently inherent in the process?

It cannot be disputed that no judicial review was pending on September 19, 1984 since the order remanding the cause was issued September 6, 1984. Further, the Secretary had entered her final decision well before that date, thereby causing Mitchell to initiate his appeal. Thus, this action does not fall within the time frames contemplated by the amendments.

■ There exists an even more compelling reason to invalidate the Secretary's position, and that reason involves the purposes and spirit behind the amendments held so imperative by the Secretary. The legislative history of the Reform act states:

1. Portions of this subsection deemed irrelevant    to the discussion at hand have been deleted.

[T]he bill is intended to provide a more human and understandable application and appeal process for disability applicants and beneficiaries appealing termination of their benefits.

H.R.Rep. No. 98–618, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Ad. News 3038, 3039. This Court will fulfill its responsibilities and provide Mitchell with as human and understandable procedures as possible. In furtherance of this goal, the Court finds that it is most appropriate to compel the Secretary to require an ALJ to conduct a hearing. The importance and application of equitable principles are nothing new in cases such as the one before the Court. In *Claassen v. Heckler*, 600 F.Supp. 1507 (D.Kan.1985), the Court stated in reference to the Reform Act:

> This new law sets forth a standard that is more beneficial to the Plaintiff than the previous standard applied by the Secretary despite universal rejection by the Courts. This Court has ruled that Plaintiff is entitled to benefits under the law as it existed prior to the passage of the Reform Act, which in effect requires the Secretary to follow the law that had already been established in the federal courts. No useful purpose could be served by remanding for the Secretary to consider Plaintiff's claim again under the more liberal standard.

*Id.* at 1513. Although this cause has been remanded to the Secretary, it has been done with the understanding that the ALJ would apply the proper legal standards as outlined in the Court's Order. There is no reason, certainly no justifiable reason, why the Plaintiff should be forced to start from scratch again. All the ALJ needs to do is hear the case and apply the proper legal standards as they apply to Mitchell's case.

In light of the discussion set forth above, the Court is ordering further that the Office of Hearings and Appeals schedule a hearing for Mitchell within one hundred and twenty (120) days from the date of this Order. The Court is well aware of the Supreme Court's prohibition against a lower court mandating time limitations with respect to the adjudication of disability claims. *Heckler v. Day*, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). Nonetheless, a thorough reading of the case suggests that, on a case by case basis, a federal court may correct what it deems to be violations of the Act. *Id.* 104 S.Ct. at 2258 n. 33.

Accordingly, it is the opinion of this Court that the Secretary shall require an ALJ to conduct a hearing, to be scheduled by the Office of Hearings and Appeals within one hundred and twenty days from the date of this Order, at which the ALJ shall apply the proper legal standards so stated by this Court in its Order of September 6, 1985 and the law of this Circuit.