**Major MITCHELL, Plaintiff,**

v.

**Otis BOWEN, Defendant.**

**No. 84–0142–Civ.**

United States District Court,
S.D. Florida,
Miami Division.

Aug. 15, 1986.

470

Joel V. Lumer, Miami, Fla., for plaintiff.

Lynn D. Rosenthal, Asst. U.S. Atty., Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS

SPELLMAN, District Judge.

THIS CAUSE is before the Court on the Plaintiff's Motion for Attorney's Fees and Reasonable Expenses pursuant to the Equal Access to Justice Act, ("the Act"), 28 U.S.C. § 2412(d)(1)(A). For the reasons stated below, the Court finds that the Plaintiff is entitled to an award of attorney's fees and costs.

The Equal Access to Justice Act states in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

As the Eleventh Circuit held recently: "The law is now settled that the EAJA is applicable to district court actions brought pursuant to the Social Security Act, 42 U.S.C. § 405(g) (1982), although proceedings at the administrative agency level are excluded from its coverage." *Taylor v. Heckler*, 778 F.2d 674, 676 (11th Cir.1985) (citations omitted).

In the instant case, there can be no question but that the Plaintiff is the prevailing party under the Act. The Plaintiff, after a two year court battle, and an even longer involvement at the agency level, ultimately had his social security benefits restored to

him. On April 22, 1986, the Appeals Council issued a decision fully favorable to the Plaintiff. Based on that decision, this Court entered its Final Judgment in favor of the Plaintiff on May 21, 1986.

Within thirty days from the date of the Final Judgment, Plaintiff's counsel moved for an award of attorney's fees and costs under the EAJA. The government contends that certain hours from that request should be deducted, arguing that portions of counsel's time were spent on issues on which the Plaintiff did not prevail. The Court disagrees with the government's position.

In a previous Order, this Court determined that the Secretary applied the incorrect legal standards when making her[1] decision that Mitchell was no longer disabled.[2] The Court then remanded the case for further proceedings at the agency level. Almost one year to the day later, the Court had to order the Secretary to conduct a hearing for the Plaintiff, as the Court had directed in its September 6, 1984 Order. *Mitchell v. Heckler*, 617 F.Supp. 841 (S.D. Fla.1985).

Finally, the Plaintiff was given a new hearing before an Administrative Law Judge. On February 26, 1986, the Administrative Law Judge recommended that the Plaintiff be entitled to disability insurance benefits. As stated earlier, the Appeals Council issued its decision April 22, 1986, in which it agreed with the ALJ's findings and awarded the Plaintiff a finding of disability and granted him disability insurance benefits.

The foregoing two paragraphs should not be mistaken in their brevity as suggesting that this case has not been time consuming and voraciously litigated by both sides. It has been both. Moreover, the Court notes that the government's attitude throughout the case has bordered on the pugnacious.

The intensity of the litgants' positions aside, the Court simply reiterates here what has already been astutely recommended by the United States Magistrate in his Report & Recommendation dated December 16, 1985, and that is that the government was not substantially justified in the stance it took at the agency and district court levels.

In conclusion, the Court finds that the Plaintiff is entitled to an award of attorneys fees under the EAJA as the prevailing party.

The Court also finds that the Defendant's position concerning the number of hours for which the Plaintiff's counsel should be reimbursed is without merit. The government need not show that their position with regard to the Plaintiff's claim for attorney's fees was substantially justified, thus precluding the Plaintiff from receiving compensation for hours expended in litigating the fees issue. Rather, the EAJA and its "substantially justified" language applies only to the underlying basis for the litigation at its inception.[3] Here, the underlying basis for the litigation was the Plaintiff's claim that he was denied disability benefits contrary to the law. In its response to *that* claim, the government was not substantially justified. On the Plaintiff's basis claim for the re-installation of benefits, the Plaintiff was clearly the prevailing party, and on that basis, the Plaintiff is entitled to an award of attorney's fees that is fully compensatory.

With regard to the amount of fees to be awarded, the Court finds that, in relation to the extent of success met by the Plaintiff, the award requested by counsel is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40

---

1. Margaret M. Heckler was the Secretary of the Department of Health and Human Services at the time this lawsuit was filed.

2. *Mitchell v. Heckler*, 592 F.Supp. 618 (S.D.Fla. 1984).

3. Clearly, many lawsuits have several issues or have additional issues arise throughout the lawsuit. The Court feels that in the instant case, the only issues on which this suit was based concerned the Plaintiff's position that his benefits were erroneously discontinued.

(1983). Counsel has provided the Court with a detailed time sheet, and in light of the contentiousness which the Plaintiff faced at every step of the way, the hours documented are very reasonable.

■ As for the Plaintiff's counsel request for an increase in his award to reflect a cost of living increase, the Court finds that such an increase is warranted. This litigation has lasted two and a half years; the delay in payment is obvious. Most importantly though, is the fact that had Congress not contemplated to compensate counsel for increases in the cost of living, the express language of the Act would not provide for such an adjustment. *See also Hirschey v. F.E.R.C.*, 777 F.2d 1, 5 (D.C.Cir.1985).

Thus, the Court finds that the Plaintiff's counsel is entitled to an award of attorney's fees as follows:

| HOURS | HOURLY RATE | LODESTAR TOTAL |
|-------|-------------|----------------|
| 72.48 | $87.00 | $6,305.76 |

The Plaintiff's counsel is also entitled to an award of costs in the amount of $75.00 under 28 U.S.C. § 1920. Finally, the Plaintiff's counsel shall recover the sum of $54.32 for photocopying, postage and long distance telephone calls. *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1192 (11th Cir.1983).

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that the Plaintiff's counsel be awarded attorney's fees in the amount of $6,305.76; costs in the amount of $75.00; and expenses in the amount of $54.32 for a total of $6,435.08.